Judge Cabell.
The act of congress having laida tax, by way of stamp, of one dollar on every charter-par *269 iy, proceeds afterwards to declare “ that every deed, instrument, note, memorandum, letters, or other writing between the captain or master, or owner of any ship or vessel, and any merchant, trader, or other person, in respect to the hire or freight of such ship or vessel, for conveyance of any money, goods, wares, merchandise or effects, laden, or to be laden, on board of such ship or vessel, shall be deemed and adjudged to be a charter-party.”
It is essential to the nature of a charter-party that it should embrace the whole hire or freight of a vessel, and, of course, there cannot be two subsisting charter-parties, at the same time, for the same voyage. Any construction of the act of congress, therefore, that should multiply taxes on the same contract for the affreightment of a vessel, must be contrary to the true intent and meaning of that act, which imposes but one tax on any one entire contract, however various may be its modifications. It was not intended to change the substantial nature of a charter-party, but (for the purpose of preventing all doubts or evasions) to declare that every contract for the affreightment of a vessel shall be deemed and taken to be a charter-party, and, of course, subject to the tax; whether that contract assumed the form of a deed, note, memorandum, letter, or other writing. The application of these principles will afford a ready solution of the first question made in this case, whether the writing excluded by the county court from going to the jury as evidence, was such a writing as, under the act of congress, was required to be stamped. Is it a charter-party i Most certainly it is not, of itself, a new, distinct substantive contract for the affreightment of a vessel. It is silent as to the port of departure, and of destination, and as to the time of commencing or completing the voyage. But it refers to a former agreement, of which it is expressly’ a mere modification, both together forming one ¡entire contract j and, of course, no new tax was necessa? *270 jy. I think, therefore, that the county court erred in ex™ eluding it from the jury; and (without giviug any opsnjon 0Q jjjg point) I am, on this ground, for reversiDg both judgments, and remanding the cause to the; county court, with instructions to admit the evidence.